<b>United States District Court<br>District of Minnesota</b>

| | |
|---|---|
| Beth Ann Bretoi,<br><br>    Plaintiff,<br><br>v.<br><br>American Coradius International, LLC;<br>Bonnie Zimmerman;<br>Phil Martino;<br>Katie Doe;<br>David Rote;<br>John Doe; and<br>Jane Doe,<br><br>    Defendants. | Court file no. _____<br><br><br><b>Complaint</b><br><br><b>JURY TRIAL DEMANDED</b> |

## Jurisdiction

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), in their illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendants transact business in Minnesota.

## Parties

4. Plaintiff Beth Ann Bretoi is a natural person who resides in St. Paul, Minnesota, and is a consumer as defined by 15 U.S.C. § 1692a(3).

5. Defendant American Coradius International, LLC ("ACI"), is Delaware corporation and collection agency with its mailing address at 2420 Sweet Home Road, Suite 150, Amherst, NY 14228, and its registered agent in Minnesota, Corporation Service Company at 280 Jackson Street, #700, St. Paul, MN 55101, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Bonnie Zimmerman is a natural person and employee of ACI, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Phil Martino is a natural person and employee of ACI, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant David Rote is a natural person and employee of ACI, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant Katie Doe is a natural person and employee of ACI, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant John Doe is a natural person and employee of ACI, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Defendant Jane Doe is a natural person and employee of ACI, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

12. From February 4, 2010, to the present, Defendants have left numerous voicemail messages on Bretoi's mobile phone in their illegal attempts to collect a debt from her that is a "debt" as defined by 15 U.S.C. § 1692a(5) ("the debt").

### *Voicemail One*

13. Defendant Bonnie Zimmerman left a message on February 4, 2010.

14. Zimmerman failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

15. Zimmerman failed to meaningfully disclose the caller's identity as required by 15 U.S.C. § 1692d(6).

16. Due to Zimmerman's failure to provide the "mini-Miranda" warning, disclose that the call was from a debt collector, or meaningfully disclose the caller's identity, her communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

### *Voicemail Two*

17. Defendant John Doe left a voicemail on February 16, 2010.

18. John Doe failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

19. John Doe failed to meaningfully disclose the caller's identity as required by 15 U.S.C. § 1692d(6).

20. Due to John Doe's failure to provide the "mini-Miranda" warning, disclose that the call was from a debt collector, or meaningfully disclose the caller's identity, his communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

### *Voicemail Three*

21. Defendant Phil Martino left a voicemail on April 7, 2010.

22. Martino failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

23. Martino failed to meaningfully disclose the caller's identity as required by 15 U.S.C. § 1692d(6).

24. Due to Martino's failure to provide the "mini-Miranda" warning, disclose that the call was from a debt collector, or meaningfully disclose the caller's identity, his communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

### *Voicemail Four*

25. Defendant Jane Doe left a voicemail on April 27, 2010.

26. Jane Doe failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

27. Jane Doe failed to meaningfully disclose the caller's identity as required by 15 U.S.C. § 1692d(6).

28. Due to Jane Doe's failure to provide the "mini-Miranda" warning, disclose that the call was from a debt collector, or meaningfully disclose the caller's identity, her communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

### *Voicemail Five*

29. Defendant Katie Doe left a voicemail on June 21, 2010.

30. Katie Doe failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

31. Katie Doe failed to meaningfully disclose the caller's identity as required by 15 U.S.C. § 1692d(6).

32. Due to Katie Doe's failure to provide the "mini-Miranda" warning, disclose that the call was from a debt collector, or meaningfully disclose the caller's identity, her communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

### *Voicemail Six*

33. Defendant David Rote left a voicemail on June 24, 2010. Rote said his message was very special for Beth. Rote also said he was not soliciting.

34. Rote failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

35. Rote's statements were false representations and deceptive means to collect a debt, in violation of §§ 1692e and 1692e(10).

36. Due to Rote's failure to provide the "mini-Miranda" warning or disclose that the call was from a debt collector, his communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

### *Voicemail Seven*

37. Phil Martino left a voicemail on June 27, 2010.

38. Martino failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

39. Martino failed to meaningfully disclose the caller's identity as required by 15 U.S.C. § 1692d(6).

40. Due to Martino's failure to provide the "mini-Miranda" warning, disclose that the call was from a debt collector, or meaningfully disclose the caller's identity, his communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

### *Failure to send validation notice*

41. Defendants never sent any letter to Bretoi, including the 30-day validation notice required by 15 U.S.C. §§ 1692g-1692g(b).

## Summary

42. The above-detailed conduct by Defendants in an effort to collect the debt represents violation of multiple provisions of the FDCPA and the TCPA, including, but not limited to the provisions enumerated in the preceding paragraphs.

43. Bretoi has suffered actual damages as a result of Defendants' illegal conduct in the form of emotional distress, stress, fear of answering her telephone, embarrassment, and other negative emotions.

## Respondeat Superior

44. Zimmerman, Martino, Rote, Katie Doe, John Doe, and Jane Doe acted within the course and scope of their employment by ACI at all relevant times, and ACI is vicariously liable for their intentional and negligent acts and omissions.

## Trial by Jury

45. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7; Fed. R. Civ. P. 38.

## Count 1:
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692-1692o

46. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

47. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692-1692p.

48. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against Defendants for:

a. statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

c. costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

d. actual damages for the emotional distress suffered as a result of the invasions of Plaintiff's privacy in an amount to be determined at trial; and

e. such other and further relief as this Court determines just and proper.

                                      **The Glover Law Firm, LLC**

Date: <u>October 18, 2010</u>        <u>*s/Randall P. Ryder*</u>
                                      Samuel J. Glover (#327852)
                                      Randall P. Ryder (#389957)
                                      125 Main Street SE, #250
                                      Minneapolis, MN 55414

                                      phone • 612.424.3770
                                      fax • 612.605.1947
                                      e-mail • email@theglf.com

                                      Attorneys for Plaintiff

## Verification

**Beth Ann Bretoi**, being duly sworn on oath, deposes and says that she is the Plaintiff in this action; that she makes this verification on her own behalf and under penalty of perjury, being duly authorized to do so; that she has read the foregoing Complaint and knows the contents thereof, and that the same is true to her knowledge, except as to those matters stated on information and belief, and as to those matters she believes them to be true; that the grounds for her knowledge and belief is information derived from her books and records, or written instruments in her possession.

Date: Oct 7, 2010

Beth Ann Bretoi

Subscribed and sworn to before me this 7 day of October, 2010.

Notary Public

RANDALL P. RYDER
Notary Public-Minnesota
My Commission Expires Jan 31, 2014